NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAIRLAWN INDUSTRIAL PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> H.J. HEINZ COMPANY, L.P., and LEA & PERRINS, INC., <br><br> Defendants. | **MEMORANDUM OPINION AND ORDER** <br><br> No. 2:15-cv-1904 (WHW-CLW) |

**Walls, Senior District Judge**

Fairlawn Industrial Properties, LLC ("Fairlawn") brings this action against its former tenants H.J Heinz Company, L.P. and Lea & Perrins, Inc. (together, "Heinz"), which allegedly left more than a faint odor of Worcestershire sauce in Fairlawn's building after vacating the premises. Heinz moves under Fed. R. Civ. P. 12(b)(6) to dismiss two counts of the complaint: count two (breach of the implied covenant of good faith and fair dealing) and count four (common law fraud). Decided without oral argument under Fed. R. Civ. P. 78, Heinz's motion is granted in part and denied in part. Count two is dismissed; count four is not.

## BACKGROUND

For the purposes of this motion, the Court accepts the complaint's factual allegations as true. Heinz leased industrial and warehouse space from Fairlawn, manufacturing steak sauces and marinades in the building. Compl. ¶¶ 9, 20-22, 37, ECF No. 1. The lease permitted the premises to be used for manufacturing sauces, *id.* ¶ 14, and required Heinz to surrender the

1

premises in good order and condition (except for ordinary wear and tear). *Id.* ¶ 17. After operating in the facility for several years, in February 2014, Heinz gave Fairlawn notice of its intention to terminate the lease and vacate in 270 days. *Id.* ¶¶ 20-24. Fairlawn demanded that Heinz leave the premises in good rentable condition, as the lease required. *Id.* ¶ 25.

During a joint inspection, the parties noted structural damage to the building and a "terrible odor." *Id.* ¶¶ 26-27. An industrial hygienist determined that the offensive odor was caused by the steak sauces and marinades—in particular, the anchovies used as ingredients. *Id.* ¶ 37. Compounds originating from the anchovies permeated the concrete flooring, drywall, ceiling tiles and HVAC ducts. *Id.* The hygienist recommended remediation of the entire space to remove the "malodor, best described as 'fishy . . .'" *Id.* Ex. E.

Commercial building consultants hired by Fairlawn found structural damage to the building's interior and exterior, as well as to the building's mechanical, electrical, plumbing and HVAC systems. *Id.* ¶¶ 34-35. The consultants attributed the damage to Heinz. *Id.* The expected cost of remediating the damages, including the odor, exceeds $1 million. *Id.* ¶ 35. Because of the structural damage and odor, the premises are currently unfit for occupancy by a commercial tenant. *Id.* ¶ 37. Heinz has refused to remedy the damages, despite Fairlawn's requests. *Id.* ¶¶ 38-39. Heinz surrendered the premises on November 30, 2014, but left a steel support structure on the roof and a water filtration shed and subterranean tank in the yard. *Id.* ¶¶ 32, 54. Heinz ceased paying rent as of December 31, 2014. *Id.* ¶ 63.

Fairlawn filed this action on March 13, 2015, alleging five counts: breach of contract, breach of the implied covenant of good faith and fair dealing, breach of guaranty, common law fraud, and lost rent and diminution in value. *Id.* 10-14. Specifically, Fairlawn accuses Heinz of violating several lease provisions. These include the requirement that Heinz "keep the [premises]

in good order and condition," *id.* ¶ 11, "make all non-structural repairs" required to maintain it in good condition, *id.*, refrain from using the premises in a way that "would impair or tend to impair . . . [its] character, appearance, or Fair Market Value," *id.* ¶ 13, remove personal property and equipment, *id.* ¶ 17, and repair damage caused by its surrender of the premises. *Id.*

Heinz now moves under Fed. R. Civ. P. 12(b)(6) to dismiss the counts alleging breach of the implied covenant of good faith and fair dealing and common law fraud. ECF No. 9.

### STANDARD FOR A MOTION TO DISMISS UNDER RULE 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

### DISCUSSION

I. **The Court Will Not Consider the Extraneous Declaration Plaintiff Submits**

Along with its brief in opposition, Fairlawn submits a declaration from an employee of the management company responsible for managing the premises in question. Decl. of Sharon

Edrei, ECF No. 12-1. The declaration is not referenced in the complaint, and contains factual allegations extraneous to the complaint.

A court is generally confined to the four corners of the complaint when evaluating its sufficiency. *See Tri3 Enterprises, LLC v. Aetna, Inc.*, 535 F. App'x 192, 195 (3d Cir. 2013). In addition, courts may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d. Cir. 1994). A district court does have discretion to accept materials beyond the pleadings, *see In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 315 n.3 (3d Cir. 2003), but if it accepts such materials, it must convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). With too much discovery required to properly evaluate an action such as this one, the Court declines to convert this motion into one for summary judgment and will not consider the supplemental declaration.

## II. The Complaint Fails to State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

"A covenant of good faith and fair dealing is implied in every contract in New Jersey." *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001). In other words, "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* at 245 (citations omitted). "Although the implied covenant of good faith and fair dealing cannot override an express term in a contract, a party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term." *Id.* at 244.

Courts have recognized a breach of the covenant as an independent cause of action (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but

4

consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance. *See Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 257 (App. Div. 2002).

None of these applies to Fairlawn's complaint. Fairlawn does not seek to read additional terms into the lease, expose a pretext for Heinz's termination of the lease, or remedy Heinz's unfair exercise of discretion. Fairlawn merely seeks to enforce the contract. Heinz's use of the premises to make sauce was no surprise to Fairlawn. *See* Compl. ¶ 14; Lease Agreement § 28.1, Ex. A to Compl. ("LESSOR understands and acknowledges that LESSEE'S use of the [premises] is for human food processing."). Fairlawn's grievance is that, despite the lease's explicit requirement that Heinz leave the property in good condition and with its fair market value unencumbered, Heinz failed to clean up after itself. Heinz's observation is correct: "[t]his is a simple action for the alleged breach of a lease. . . . [T]he Lease contains express provisions governing the condition in which Heinz was to leave the Premises and any damages for which Heinz was responsible. . . . [W]hether Heinz left the Premises in an acceptable condition and/or whether it owes Fairlawn any money is a matter of contract interpretation." Def.'s Br. 1, 12. The complaint's second count is dismissed.

### III. Plaintiff's Common Law Fraud Claim Is Sufficiently Plead

"To state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5)

resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997)).

Stringent pleading restrictions apply: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff alleging fraud must state the circumstances with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Lum v. Bank of America*, 361 F.3d 217, 223-224 (3d Cir. 2004). To satisfy this standard, the plaintiff must plead the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation. *Id.* at 224.

The complaint explains its fraud count as follows. Heinz "reaffirmed its obligations under the Lease and represented and promised that it would restore the Premises to a good and rentable condition free from [ ] damages and defects . . ." Compl. ¶ 54. Heinz "encouraged [Fairlawn] to engage an engineer, at its own cost and expense, to inspect and provide an assessment of the physical damages caused by Heinz during its occupancy and promised to remediate or pay to remediate those damages." *Id.* ¶ 55. Heinz promised to "remediate or pay to remediate the odor so that the Premises would return to a 'neutral odor measurement level.'" *Id.* ¶ 56. Heinz "knew it had no intention of following through on" these promises. *Id.* ¶ 57. Heinz made these representations in order to "induce [Fairlawn] to allow Heinz to continue to occupy and operate in the Premises beyond the October 31, 2014 termination date, avoid paying holdover rent and prevent [Fairlawn] from taking action long enough so that by November 30, 2014, Heinz would be out of the Premises leaving [Fairlawn] with no choice but to chase Heinz." *Id.* ¶ 58. "As a direct result . . . [Fairlawn] sustained significant money and other damages." *Id.* ¶ 59.

These allegations are sufficient to plead a facially plausible claim for fraud with requisite specificity. Heinz misrepresented its intention to remediate the damage it caused. *Id.* ¶¶ 26, 56-57. The misrepresentation was material because it related to Heinz's obligations under the lease and the future rentability of the premises. *Id.* ¶ 54. Heinz knew this representation to be false, *id.* ¶ 57, and intended Fairlawn to rely on it, so Fairlawn would extend the termination date. *Id.* ¶¶ 24, 58. Fairlawn allowed Heinz to stay. *See id.* ¶¶ 24-25, 32. Fairlawn was damaged because, absent this extension, Heinz would have had to pay Fairlawn twice the rent as a holdover tenant. *See id.* ¶ 58; *id.* Ex. A, Lease Agreement § 24.2.

Defendant argues that Plaintiff's fraud claim is barred by the economic loss doctrine. "State and federal courts have repeatedly recognized that New Jersey law remains unsettled as to whether the economic loss doctrine bars a claim for fraud where the alleged fraud is circumscribed by a contract between the parties." *See 7-Eleven, Inc. v. Maia Inv. Co.*, No. CIV.A. 14-8006 JBS/J, 2015 WL 1802512, at *5 (D.N.J. Apr. 17, 2015) (citing *Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 144 (3d Cir. 2001), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers,* 134 S. Ct. 773 (2014)). "Although the New Jersey Supreme Court has yet to resolve the question, courts in this District consistently distinguish between fraud in the inducement and fraud in the performance of a contract." *7-Eleven, Inc.*, 2015 WL 1802512, at *5 (citing cases). Courts have barred claims for fraud in the performance of a contract for the sale of goods as "superfluous and counterproductive" when the U.C.C. offers a remedy. *See, e.g., Alloway v. Gen. Marine Indus.*, 149 N.J. 620, 641 (1997). But courts have found that the economic loss doctrine does not prohibit claims for fraudulent inducement. *See Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 219 F. Supp. 2d 600, 607 (D.N.J. 2002) (collecting cases).

Fairlawn's fraud claim against Heinz is best described as fraud in the inducement. Although Heinz was obligated to remediate any damage, it was Heinz's alleged knowingly false "reaffirmations" of its obligations as its lease was about to expire that induced Fairlawn to extend the termination date. It is "unnecessary to predict how the New Jersey Supreme Court would decide this issue, because . . . the facts of this case, which suggest an action for 'fraud in the inducement,' are controlled by existing pronouncements of the New Jersey Supreme Court and decisions of the District Courts of this Circuit." *Lithuanian Commerce Corp.*, 219 F. Supp. 2d at 608 (citing *Unifoil Corp. v. Cheque Printers & Encoders Ltd.*, 622 F. Supp. 268, 271 (D.N.J. 1985) (citing *Jewish Center of Sussex County v. Whale,* 86 N.J. 619 (1981))). "Furthermore, in this case, the contract between the parties does not explicitly limit the remedies available for breach. Thus, allowing [Plaintiff] to pursue a tort remedy would not contravene the intent of the parties." *Id.* Fairlawn may proceed with its fraud claim.

## CONCLUSION AND ORDER

Defendant's motion, ECF No. 9, is granted in part and denied in part. Count two of the complaint is dismissed.

DATE: 4 August 2015

Hon. William H. Walls
United States Senior District Judge